UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
NAUMAN ALI,

                          Plaintiff,                    Case No.:

                -against-                **VERIFIED COMPLAINT**

HOTEL KEY LLC., 102 GREENWICH STREET LLC
d/b/a/ TRIBECA HOTEL FIDI,
SKY HOTEL LLC, PARK MANOR HOTEL LLC,
RAVINDER CHOPRA,
SHALU SURI, YUVRAJ CHOPRA, and
KUWAR CHOPRA, individually.

                                            Jury Trial Demanded

                Defendant.
-------------------------------------------------------------------------X

    Plaintiff NAUMAN ALI (hereinafter, "PLAINTIFF" or "ALI"), by and through his undersigned attorneys, PERVEZ & REHMAN, P.C. files this Complaint against Defendants HOTEL KEY LLC., (hereinafter, "HOTEL KEY"), 102 GREENWICH LLC., d/b/a TRIBECA HOTEL FIDI (hereinafter "TRIBECA HOTEL"), SKY HOTEL LLC., (hereinafter "SKY HOTEL"), and PARK MANOR HOTEL LLC., (hereinafter, "PARK MANOR HOTEL"); RAVINDER CHOPRA (hereinafter, "RAVINDER"), SHALU SURI (hereinafter, "SHALU"), YUVRAJ CHOPRA (hereinafter, "YUVRAJ"), and KUWAR CHOPRA (hereinafter, "KUWAR") (collectively, "DEFENDANTS"), stating as follows:

### INTRODUCTION

1. This is a civil action for claims of unlawful employment practices and to provide appropriate relief to PLAINTIFF, who was adversely affected by these actions.

2. This is an action seeking declaratory, injunctive and equitable relief, as well as monetary damages, to redress DEFENDANTS' violations of the Fair Labor Standards Act, as

amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA"); PLAINTIFF is entitled to recover from DEFENDANTS for: (a) unpaid wages, (b) unpaid minimum wage, (c) unpaid overtime compensation, (d) liquidated damages, (e) prejudgment and post-judgment interest, (f) attorney's fees and costs.

3. PLAINTIFF further alleges that, pursuant to the New York Labor Law (hereinafter "NYLL"), he is entitled to recover from DEFENDANTS for: (a) unpaid minimum wage, (b) unpaid overtime compensation, (c) failure to provide wage notices, (d) failure to provide accurate wage statements, (e) failure to provide timely wages, (f) failure to provide spread of hours pay, (g) liquidated damages, (h) prejudgment and post-judgment interest, and (i) attorneys' fees and costs.

4. Specifically, DEFENDANTS violated the FLSA and NYLL by failing to pay all PLAINTIFF for overtime hours worked.

5. Plaintiff further alleges that DEFENDANTS engaged in an unlawful discriminatory practice in violation of NYSHRL (Executive Law § 296) by actively and constructively taking adverse employment actions, creating, and maintaining a hostile work environment and discriminatory working conditions, and otherwise discriminating against the PLAINTIFF because of his national origin & citizenship status.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action as it is a trial court of unlimited original jurisdiction for the State of New York.

7. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over PLAINTIFF's state law claims pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over the DEFENDANTS because the failure to pay took place in the State of New York.

9. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

### *Plaintiff*

10. At all times relevant to this action, PLAINTIFF ALI was a resident of Nassau County, New York. Currently, PLAINTIFF ALI lives in California.

11. At all relevant times, PLAINTIFF ALI met the definition of an "employee" under FLSA and NYLL , and other relevant laws.

12. PLAINTIFF ALI is a former employee of DEFENDANTS.

13. PLAINTIFF ALI was employed by DEFENDANTS from February 2020 until his constructive discharge in May 2025.

### Corporate Defendants

14. At all times relevant to this action, DEFENDANT HOTEL KEY  was a domestic company engaged in business in the State of New York with a principal place of business at 33-35 Farrington Street, Flushing NY 11354.

15. DEFENDANT HOTEL KEY is a commercial hotel that offers lodging and various other services to its guests.

16. Upon information and belief, DEFENDANT HOTEL KEY is a limited liability company that owns, controls, manages, and operates multiple hotel properties, including  PARK MANOR HOTEL, SKY HOTEL FLUSHING, and TRIBECA HOTEL (collectively, the "CORPORATE DEFENDANTS").

17. Upon information and belief, PARK MANOR HOTEL is a limited liability company with a principal place of business 7 Northside Dr. Clifton Park, NY 12065.

18. Upon information and belief, SKY HOTEL FLUSHING is a limited liability company with a principal place of business at 133-43 37th Ave., Flushing, NY 11345.

19. Upon information and belief, TRIBECA HOTEL is a limited liability company with a principal place of business at 102 Greenwich St., New York NY 10006.

20. At all relevant times, CORPORATE DEFENDANTS operated as a joint enterprise and/or single business enterprise, sharing common ownership, management, financial control, branding, policies, employees, and operational systems.

21. At all times relevant to this action, HOTEL KEY and all DEFENDANTS were PLAINTIFF's employer.

22. At all relevant times, HOTEL KEY and all CORPORATE DEFENDANTS are, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in

that it (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than five hundred thousand dollars ($500,000.00).

*Individual Defendants*

23. Upon information and belief, at all times relevant to this action, DEFENDANT RAVINDER, was a resident of Nassau County, State of New York.

24. Upon information and belief, at all times relevant, DEFENDANT RAVINDER was the owner, operator, manager, supervisor, shareholder, and officer of HOTEL KEY, who set HOTEL KEY's payroll policies, including the unlawful practices complained of herein.

25. Upon information and belief, at all times relevant to this action, DEFENDANT SHALU, was a resident of Nassau County, State of New York.

26. Upon information and belief, at all times relevant, DEFENDANT SHALU was the owner, operator, manager, supervisor, shareholder, and officer of HOTEL KEY, who set HOTEL KEY's payroll policies, including the unlawful practices complained of herein.

27. Upon information and belief, at all times relevant to this action, DEFENDANT Yuvraj, was a resident of Nassau County, State of New York.

28. Upon information and belief, at all times relevant, DEFENDANT YUVRAJ was an owner, operator, manager, supervisor, shareholder, and officer of HOTEL KEY, who set HOTEL KEY's payroll policies, including the unlawful practices complained of herein.

29. Upon information and belief, at all times relevant to this action, DEFENDANT KUWAR, was a resident of Nassau County, State of New York.

30. Upon information and belief, at all times relevant, DEFENDANT KUWAR was the owner, operator, manager, supervisor, shareholder, and officer of HOTEL KEY, who set HOTEL KEY's payroll policies, including the unlawful practices complained of herein.

31. DEFENDANTS RAVINDER, SHALU, YUVRAJ, and KUWAR (collectively, "Individual Defendants") maintained operational control over HOTEL KEY and jointly managed HOTEL KEY by determining the wages and compensation (or nonpayment thereof) of employees, establishing the schedule of employees, maintaining employees records, and through possessing the authority to hire and fire employees, including PLAINTIFF.

32. INDIVIDUAL DEFENDANTS also maintained operation control over the CORPORATE DEFENDANTS and operated the businesses in the same manner, without corporate formalities, and required PLAINTIFF to perform work for all CORPORATE DEFENDANTS.

## FACTUAL ALLEGATIONS

*Integrated Enterprise/Joint Employer Facts*

33. At all relevant times herein, CORPORATE DEFENDANTS and INDIVIDUAL OWNERS are employers within the meaning of all relevant statutes.

34. CORPORATE DEFENDANTS and INDIVIDUAL OWNERS committed the acts alleged in this Complaint knowingly, intentionally, and willfully.

35. Upon information and belief, INDIVIDUAL OWNERS are officers, directors, shareholders, managers, and proprietors of CORPORATE DEFENDANTS.

36. The INDIVIDUAL OWNERS own CORPORATE DEFENDANTS and operate them as one integrated enterprise that shares resources, employees, and supplies.

37. The INDIVIDUAL OWNERS used these locations to run the operations of the CORPORATE DEFENDANTS which included, but was not limited to tasks related to payroll, finances, human resources, and inventory management..

38. DEFENDANTS own and operate many locations, which are all related and joint employers for the purposes of this action.

39. PLAINTIFF worked at the HOTEL KEY and managed accounts at other CORPORATE DEFENDANT locations.

40. Because of the amount of control INDIVIDUAL OWNERS AND CORPORATE DEFENDANTS exerted over his working conditions and because of the integrated nature of the CORPORATE DEFENDANTS' operations, both of the CORPORATE DEFENDANTS and INDIVIDUAL OWNERS were PLAINTIFF's joint employers and are, collectively, a single integrated Enterprise.

*Plaintiff's Employment*

41. PLAINTIFF began employment with DEFENDANTS on or around February 2020.

42. PLAINTIFF is of Pakistani origin.

43. PLAINTIFF was employed as a night supervisor at HOTEL KEY located at 3353 Harrington St., Flushing, NY 11354.

44. PLAINTIFF's employment was in a family-owned business, owned by the INDIVIDUAL DEFENDANTS, where family members acted as supervisors.

45. PLAINTIFF's job duties included managing the front desk, overseeing operations, and performing manual labor.

46. Plaintiff was sent to multiple properties owned or operated by Defendant to train and support staff.

*Wage and Hour Facts*

47. PLAINTIFF was paid on an hourly basis.

48. PLAINTIFF's initial hourly wage in 2020 was ten dollars ($10.00) per hour.

49. PLAINTIFF received a raise to eleven dollars ($11.00) per hour after approximately two (2) years of employment, sometime in 2022.

50. After an additional six to eight months, PLAINTIFF's hourly wage increased to thirteen dollars ($13.00) per hour.

51. In 2024, PLAINTIFF's hourly wage increased to fifteen dollars ($15.00) per hour.

52. PLAINTIFF received the fifteen dollars ($15.00) per hour hourly rate after requesting a pay increase.

53. PLAINTIFF regularly worked in excess of forty (40) hours per week.

54. PLAINTIFF often worked between sixty (60) and seventy (70) hours per week.

55. PLAINTIFF  regularly worked in excess of ten (10) hour shifts.

56. PLAINTIFF often worked in excess of twelve (12) hour shifts.

57. PLAINTIFF did not have a designated meal break and ate while working.

58. PLAINTIFF did not have designated breaks during twelve (12) hour shifts.

59. PLAINTIFF was not paid overtime wages for any and all overtime hours worked throughout his employment.

60. DEFENDANT failed to pay owed wages and owed overtime on a timely basis.

61. PLAINTIFF did not receive wage notices.

62. PLAINTIFF was not paid the state or city minimum wage for portions of his employment.

63. PLAINTIFF states that he was not properly compensated for his work.

64. PLAINTIFF states that time records existed via punchcard.

65. PLAINTIFF did not receive pay stubs or wage statements.

66. PLAINTFF understood there was no opportunity for growth to a salaried or permanent position.

*Harassment (Hostile Work Environment Facts)*

67. Before PLAINTIFF's first raise, PLAINTIFF communicated to INDIVIDUAL DEFENDANTS that it was difficult to survive on an hourly wage of ten dollars ($10.00) per hour and requested equitable compensation to be consistent with other employees.

68. DEFENDANT RAVINDER informed PLAINTIFF that equitable compensation was unavailable because PLAINTIFF is not an American citizen.

69. PLAINTIFF was subjected to discrimination on the basis of his national origin and citizenship status.

70. PLAINTIFF raised the issue of equitable compensation with DEFENDANT SHALU, who responded by asserting that DEFENDANTS limit the provision of an hourly wage of fifteen dollars ($15.00) plus overtime solely to individuals of United States origin, citing PLAINTIFF's Pakistani origin as the basis for this distinction.

71. PLAINTIFF was subjected to an unsafe and hostile work environment, including a disregard for PLAINTIFF's physical health, exposure of the plaintiff to threats of violence, and a prioritization of business operations over employee safety.

72. PLAINTIFF, on multiple occasions, informed DEFENDANT of serious health conditions that limited his ability to safely perform strenuous manual labor.

73. DEFENDANTS, despite actual knowledge of PLAINTIFF's limitations, ignored PLAINTIFF's complaints and required PLAINTIFF to continue performing physically demanding manual labor.

74. PLAINTIFF was compelled by DEFENDANT KUWAR to replace the flooring in the elevator, an action that exceeded the scope of his duties as a night supervisor.

75. PLAINTIFF was instructed by DEFENDANT to clean a crime scene contaminated with blood, using bleach and other cleaning agents without proper training or protective equipment.

76. As a result of being instructed to enter a crime scene, PLAINTIFF suffered emotional distress.

77. Furthermore, on March 10, 2021 while employed, PLAINTIFF was attacked by a guest with a knife-like object.

78. He feared for his life and safety and filed a police report after the incident.

79. Despite placing his life at risk at work, DEFENDANTS did not provide him with a safe working environment and instead made him work in dangerous conditions because they believed, as an immigrant, he was not entitled to fair and safe working conditions.

80. PLAINTIFF, reliant on an income to provide for his basic living needs, had no choice but to accept these poor working conditions.

81. Due to INDIVIDUAL DEFENDANT's persistent hostilities, unreasonable demands, and utter disregard for safety, the PLAINTIFF routinely apprehended risks to his well-being in the workplace.

*NYLL §§ 195(1) and NYLL §§ 195(3) Claims - Failure to Provide Wage Notices and Wage Statements.*

82. PLAINTIFF also brings claims for failure to provide accurate wage notices and wage statements pursuant to NYLL §§ 195 *et seq.* and the supporting regulation

83. DEFENDANTS failed to provide PLAINTIFF with accurate wage notices stating the actual number of hours worked by PLAINTIFF, in an attempt to disguise PLAINTIFF's rate of pay, how he was being compensated, and whether he was entitled to an overtime rate.

84. Not only was PLAINTIFF not paid what he was owed, but he was denied the information needed to advocate for proper pay, resulting in a concrete injury beyond a statutory violation.

85. Failing to provide the proper pay stub as required by NYLL §195, delayed PLAINTIFF's ability to recover unpaid wages through legal action against DEFENDANTS.

86. Had DEFENDANTS provided the information required by the law in the wage notices, PLAINTIFF would have been able to prevent or shorten the period of underpayment. Thus, the failure to provide the required information under the law proximately resulted in a concrete injury - the monetary harm of the underpayment. This failure proximately caused the delay in payment which proximately deprived PLAINTIFF with the time-value of his compensation (value of money today v. value of money tomorrow) which is a separate and concrete monetary injury distinct from the failure to provide the information itself.

87. DEFENDANTS' failure to provide accurate wage statements which failed to identify the accurate number of hours PLAINTIFF worked per week, his hourly rate and his overtime

rate, or the basis for his pay, denied PLAINTIFF his statutory right to receive true and complete information about the nature of his employment.

88. DEFENDANTS' failure to provide accurate wage statements denied PLAINTIFF the right to be adequately apprised of the compensation policies DEFENDANTS applied to PLAINTIFF and upon information and belief continued DEFENDANTS' efforts to disguise and prevent PLAINTIFF from realizing the true nature of their compensation.

89. The aforementioned failure also prevented PLAINTIFF from raising underpayment complaints with accuracy or advocating directly to his employer, thereby proximately resulting in underpayment and the delay of providing proper compensation and depriving PLAINTIFF with the time-value of his compensation (value of money today v. value of money tomorrow), which is a separate and concrete monetary injury distinct from the failure to provide the information itself.

90. DEFENDANTS failed to apprise PLAINTIFF of the required information needed to evaluate and stop the wage theft experienced by PLAINTIFF, which is precisely the downstream harm these statutes seek to prevent.

91. As a proximate result of the failure to provide the wage notices and wage statements, PLAINTIFF suffered the concrete, non-hypothetical harm described above, which is fairly traceable to the failure to provide the wage notices and statements, including but not limited to the delayed compensation and accordant deprivation of the time-value of money, which rendered PLAINTIFF unable to use their wages to invest, save, and purchase in a manner that they would have if had received the information earlier and been able to raise the issue with his employer and/or recover proper wages earlier as required under the law.

92. PLAINTIFF was not provided with written notice of his pay rate, as required by N.Y. Lab. L. § 195(1) or accurate wage statements in violation of N.Y. Lab. L. § 195(3).

93. PLAINTIFF was not paid timely wages in violation of N.Y. Lab L.

## FIRST CAUSE OF ACTION

### (Fair Labor Standards Act: Unpaid Minimum Wages)

94. PLAINTIFF repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

95. By failing to pay PLAINTIFF minimum wage for hours worked, DEFENDANTS have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

96. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

97. DEFENDANTS' failure to pay minimum wages for hours caused PLAINTIFF to suffer loss of wages and interest thereon.

98. Therefore, PLAINTIFFS are entitled to recover from DEFENDANTS his full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

99. DEFENDANTS willfully, regularly, and repeatedly failed to pay PLAINTIFF at the required under the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

## SECOND CAUSE OF ACTION

### (Fair Labor Standards Act: Unpaid Overtime)

100.    PLAINTIFF repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

101.    DEFENDANTS willfully violated PLAINTIFF's rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) each week, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

102.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

103.    DEFENDANTS willfully, regularly, and repeatedly failed to pay overtime compensation, which caused PLAINTIFF to suffer loss of wages and interest thereon. PLAINTIFF is entitled to recover from DEFENDANTS his unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

104.    As a result of DEFENDANTS' willful and unlawful conduct, PLAINTIFF is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre and post judgment interest and attorneys fees and costs.

## THIRD CAUSE OF ACTION

### (New York Labor Law: Unpaid Minimum Wages)

105.    PLAINTIFF repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

106.    DEFENDANTS formerly employed PLAINTIFF.

107.    DEFENDANTS have failed to pay PLAINTIFF for hours worked.

108.    DEFENDANTS willfully, regularly, and repeatedly violated PLAINTIFF's rights by failing to compensate them for hours worked, in violation of the New York Labor Law and regulations promulgated thereunder.

109.    DEFENDANTS' failure to pay minimum wage for all hours worked caused PLAINTIFF to suffer loss of wages and interest thereon.

110.    PLAINTIFF is entitled to recover from DEFENDANTS his unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

111.    As a result of DEFENDANTS' willful and unlawful conduct, PLAINTIFF is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre and post judgment interest and attorneys fees and costs.

### **FOURTH CAUSE OF ACTION)**

### **(New York Labor Law: Unpaid Overtime)**

112.    PLAINTIFF repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

113.    DEFENDANTS willfully violated PLAINTIFF's rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of

pay for hours worked in excess of forty (40) each week, in violation of the NYLL and regulations promulgated thereunder.

114. DEFENDANTS willfully, regularly, and repeatedly failed to pay overtime premium compensation caused PLAINTIFF to suffer loss of wages and interest thereon. PLAINTIFF are entitled to recover from DEFENDANTS his unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to the NYLL.

115. As a result of DEFENDANTS' willful and unlawful conduct, PLAINTIFF is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre and post judgment interest and attorneys fees and costs.

## FIFTH CAUSE OF ACTION

### (New York Labor Law: Failure to Provide Accurate Wage Notice)

116. PLAINTIFF repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

117. DEFENDANTS willfully failed to supply PLAINTIFFs with notice as required by Article 6, § 195(1), in English or in the language identified by PLAINTIFF as his primary language, containing PLAINTIFF's rate of pay and basis thereof, whether by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay designated by the employer in accordance with the New York Labor Law, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer, the physical address of the

employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

118. Due to DEFENDANTS' violations of the NYLL, PLAINTIFF is entitled to recover from DEFENDANTS fifty dollars ($50.00) for each work day that the violations occurred or continued to occur, up to a maximum of five thousand dollars ($5,000), as provided for by NYLL, Article 6, §§ 190 *et seq.*, in addition to reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**SIXTH CAUSE OF ACTION**

**(New York Labor Law: Failure to Provide Accurate Wage Statements)**

119. PLAINTIFF repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

120. DEFENDANTS have willfully failed to supply PLAINTIFF with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

121. Due to DEFENDANTS' violations of the NYLL, PLAINTIFF is entitled to recover from DEFENDANTS two hundred and fifty dollars ($250.00) for each day that the violations occurred or continued to occur, or a total of five thousand dollars ($5,000.00),

as provided for by NYLL, Article 6, §§ 190 *et seq.*, in addition to reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## SEVENTH  CAUSE OF ACTION

### (New York Labor Law: Failure to Pay Weekly Wages)

122.    PLAINTIFF repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

123.    DEFENDANTS willfully violated PLAINTIFF's rights by failing to provide him a weekly wage. PLAINTIFF is considered a manual worker under NYLL, and should have been paid his wages on a weekly basis. Because he was not paid any wages, he is entitled to liquidated damages for the payments that were untimely paid.

124.    PLAINTIFF suffered an economic injury by virtue of DEFENDANTS' failure to pay timely wages in that he had no access to income for the work he performed to use towards his personal and living expenses.

125.    PLAINTIFF was indisputably a manual worker who should have been paid "weekly and not later than seven calendar days after the end of the week in which the wages are earned." N.Y. Lab. L. § 191(1)(a). Because PLAINTIFF were not paid any wages for any of the hours they worked during their employment, DEFENDANTS violated N.Y. Lab. L. § 191(1)(a).

126.    PLAINTIFF therefore has "the right to recover full wages, benefits and wage supplements and liquidated damages accrued during the six years previous to the commencing of" this action. N.Y. Lab. L. § 198(3) (emphasis added).

127. Accordingly, in addition to their other damages, PLAINTIFFS entitled to recover, as liquidated damages, half of the total wages they should have been paid on a weekly basis.

## EIGHTH CAUSE OF ACTION

### (New York Labor Law: Unpaid Spread-of-Hour Premiums)

128. PLAINTIFF repeats and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

129. DEFENDANTS willfully violated PLAINTIFF's rights by failing to pay compensation in an amount equal to one hour's pay at the applicable minimum wage in all instances where PLAINTIFF ALI worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

130. DEFENDANTS' failure to pay spread-of-hours compensation caused PLAINTIFF to suffer loss of wages and interest thereon. PLAINTIFF is entitled to recover from DEFENDANTS his unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## NINTH CAUSE OF ACTION

### (NYSHRL: Hostile Work Environment )

131. PLAINTIFF repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as though fully set forth herein.

132.   NYSHRL (Executive Law § 296) provides that it shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sexual orientation, military status, sex, disability, genetic predisposition or carrier status, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

133.   DEFENDANTS engaged in an unlawful discriminatory practice in violation of NYSHRL (Executive Law § 296) by actively and constructively taking adverse employment actions, creating, and maintaining a hostile work environment and discriminatory working conditions, and otherwise discriminating against the PLAINTIFF because of his national origin & citizenship status.

134.   DEFENDANTS engaged in an unlawful discriminatory practice by taking adverse employment action and otherwise discriminating against the PLAINTIFF through withholding wages due to his Pakistani national origin.

## **PRAYER FOR RELIEF**

**WHEREFORE**, upon all of the facts, allegations, and causes of action as set forth and alleged herein, PLAINTIFFS respectfully requests that this Court:

  A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

  B. An award of compensatory damages as a result of DEFENDANTS' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

C.  An award of liquidated and/or punitive damages as a result of DEFENDANT'S' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

D.  An award of fifty dollars ($50.00) for each work day that the violations of NYLL, Article 6 § 195(1) occurred or continued to occur, up to a maximum of five thousand ($5,000.00) as provided for by NYLL, Article 6 198(1)-b;

E.  An award of two hundred and fifty dollars ($250.00) for each day that the violations of NYLL, Article 6 § 195(3) occurred or continued to occur, up to a maximum of five thousand dollars ($5,000.00) as provided for by NYLL, Article 6 § 198(1)-d;

F.  An award of full wages, benefits and wage supplements and liquidated damages accrued during the six years previous to the commencing of this action for violations of N.Y. Lab. L. § 191(1)(a), and half of the total wages that should have been paid on a weekly basis as liquidated damages.

G.  An award of prejudgment and post-judgment interest;

H.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

I.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: Commack, New York
       February 24, 2026

Respectfully Submitted,

**Pervez & Rehman, P.C.**
*Attorneys for Plaintiffs*

By: Aneeba Rehman, Esq.
Nadia M. Pervez, Esq.
6268 Jericho Turnpike, Suite 8,
Commack, NY 11725

## CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT

I, NAUMAN ALI, am a former employee of HOTEL KEY LLC., and I consent to be a Plaintiff in the above captioned action to collect unpaid wages, unpaid overtime pay, unpaid minimum wages, and unpaid spread of hours premium on behalf of myself and those similarly situated.

Dated:   Commack, New York
         February 28 2026.

_____ Nauman Ali _____

NAUMAN ALI

Sworn to before me on this 28th day of _____February_____, 2026.

SEE
ATTACHED

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of LOS ANGELES

Subscribed and sworn to (or affirmed) before me on this 28 day of FEBRUARY , 20 26 , by _____
NAUMAN ALI

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.



NUBIA M. LOPEZ CHAVEZ
Notary Public - California
Los Angeles County
Commission # 2458272
My Comm. Expires Aug 8, 2027

(Seal)                     Signature_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
NAUMAN ALI,

                                 Plaintiff,                            Case No.:

                          -against-                          **VERIFIED COMPLAINT**

HOTEL KEY LLC., 102 GREENWICH STREET LLC
d/b/a/ TRIBECA HOTEL FIDI,
SKY HOTEL LLC, and PARK MANOR HOTEL LLC,
RAVINDER CHOPRA,
SHALU SURI, Yuvraj CHOPRA, and
KUWAR CHOPRA, individually.

                                                  Jury Trial Demanded

                            Defendant.
-------------------------------------------------------------------------X

## VERIFICATION

STATE OF CALIFORNIA          )
                                   ss.:
COUNTY OF _____     )

I, NAUMAN ALI am the Plaintiff in the within action. I have read the foregoing Verified Complaint and know the contents thereof. The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____*Nauman Ali*_____
NAUMAN ALI

Sworn to before me on this 28th day
of February, 2026.

_____
        Notary Public

**SEE ATTACHED**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of LOS ANGELES

Subscribed and sworn to (or affirmed) before me on this 28 day of FEBRUARY , 20 26 , by _____
NAUMAN ALI
_____ ,
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

NUBIA M. LOPEZ CHAVEZ
Notary Public - California
Los Angeles County
Commission # 2458272
My Comm. Expires Aug 8, 2027

(Seal)                    Signature_____